**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESSICA SEGARRA ALICEA,**

        **Plaintiff,**

**-vs-**                                                      **Case No. 6:05-cv-1283-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

**MEMORANDUM OPINION AND ORDER**

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **AFFIRMED.**

### *I. BACKGROUND*

**A.**    **Procedural History**

Plaintiff filed for SSI benefits on September 22, 2003. R. 69. She alleged an onset of disability in "2000," due to leukemia, tiredness, breathing problems, swelling, and headaches. R. 91. Her application was denied initially and upon reconsideration. R. 22-30. Plaintiff requested a

hearing, which was held on February 23, 2005, before Administrative Law Judge Neil Lewis (hereinafter referred to as "ALJ"). R. 219-31. In a decision dated April 5, 2005, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 16-21. Plaintiff timely filed a Request for Review of the ALJ's decision. R. 10. The Appeals Council denied Plaintiff's request on July 6, 2005. R. 5-7. Plaintiff filed this action for judicial review on September 1, 2005. Doc. No. 1.

### B.     Medical History and Findings Summary

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff alleges she became disabled on April 26, 2000 due to leukemia, breathing problems and headaches. R. 16. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from chronic myelogenous leukemia, which is "severe" medically determinable impairment, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 20, Finding 2. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work, as she could frequently lift/carry twenty pounds and walk/stand or sit up to six hours in an eight-hour workday. R. 21, Finding 5. In making this determination, the ALJ found that Plaintiff's allegations regarding her limitations were not totally credible for the reasons set forth in the body of the decision.[1] R. 20, Finding 4. Based upon Plaintiff's RFC, the ALJ determined that she could perform her past relevant work as a cashier and telephone operator. R. 21, Finding 6. Accordingly, the ALJ determined that

---

[1] Within the body of the decision, the ALJ discredited Plaintiff's reported physical limitations based on several specific inconsistencies between those limits, medical findings, Plaintiff's stated daily activities, and statements in the medical records that the reason she was not working was to be home with her children. R. 91.

Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 21 Finding 8.

Plaintiff argues that the ALJ erred in evaluating her credibility and discrediting her complaints of pain and fatigue. Plaintiff also asserts that the ALJ erred in not considering her English proficiency in finding that she could perform her past relevant work in the English-speaking continental United States. For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## *II. STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### *III. PAIN AND CREDIBILITY.*

Plaintiff asserts that the ALJ erred in evaluating her pain and ignored her complaints of fatigue, pain, and headaches in from chronic myelogenous leukemia in evaluating her pain. She contends that the record demonstrates her credibility and that the ALJ failed to provide adequate and specific reasons for discrediting her complaints. Plaintiff testified that she would sleep all day if she could because of her extreme fatigue, but she only sleeps three hours during the day, which is a substantial amount. She also has headaches and leg pain. Plaintiff testified that she stays at home with her four young children (R. 91, 227) and that her sister came from Puerto Rico to help out, but she does not help every day or live with the family. R. 227. Plaintiff also testified that she can do her work, but she becomes tired. R. 227. She disputes that her daily activities indicate she can engage in substantial gainful employment or that she has not taken her medication as prescribed. Doc. No. 13 at 5. She also argues that there is no evidence that her pain, headaches or fatigue would subside and restore her ability to work if she took the medication.

Although the ALJ did not refer to the Eleventh Circuit's pain standard as such, he clearly was aware of the governing standards for evaluating subjective complaints because he cited the applicable regulations and Social Security Ruling ("SSR") 96-7p. R. 19. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (per curiam) (ALJ properly applied the Eleventh Circuit pain standard even though he did not "cite or refer to the language of the three-part test" as "his findings and discussion indicate that the standard was applied"). Moreover, the ALJ complied with those standards. He obviously determined that Plaintiff had an objective medical condition that could give

-4-

rise to the alleged symptoms, because otherwise the ALJ would not be required to assess the credibility of the alleged complaints.

Having concluded that he had to make a credibility determination of Plaintiff's subjective complaints, the ALJ recognized that he had to articulate a reasonable basis for his determination. In that respect, in the course of discussing Plaintiff's RFC, the ALJ stated,

> The claimant's subjective complaints and symptoms, including his [sic] allegations of pain and limitations, as well as depression, have been carefully compared to the other evidence. The claimant's testimony and other reports show that she lived a fully functional type lifestyle, which is consistent with the medical evidence. The claimant is able to take care of her personal needs, cook, clean, do the laundry and go shopping. The claimant is able to take care of her four young children. She testified her sister helps, but not every day. Clinical findings show she feels well with minimal symptoms. She testified that she was depressed. However, no where in the record is there any allegations of depression. She is currently not taking any medications and thus, there are no side effects. Activities and reports such as these are inconsistent with her allegations of incapacitating limitations or pain. this is not to minimize the medical impairments demonstrated in the record. The claimant does have impairments that limit her activities with heavy lifting. However, the clinical findings resulting from these impairments do not appear to be of producing pain or limitations of incapacitating proportions. Accordingly, the undersigned finds that the claimant's allegations and subjective symptoms beyond what could be expected considering the objective laboratory and clinical findings.

R. 19-20 (citing SSR 96-7p). Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

As the Commissioner points out, during several examinations, Plaintiff denied experiencing any significant symptoms. *See, e.g.,* R. 19, 147-48, 186, 188, 199. Medical records from Plaintiff's

treating oncologist repeatedly note (with some frustration) that Plaintiff was non-compliant or "very non-compliant" with prescribed treatment. R. 186. *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (reasoning that an ALJ may appropriately consider non-compliance with prescribed treatment as a factor discrediting a claimant's allegations). Her oncologist noted in October 2003 having a "long discussion" with her in which he explained that her leukemia was "most likely still in the chronic phase" because she was "very noncompliant" with the medication or because of the very low dose of the medication. R. 186. He warned her that if she needed to take the medication everyday because "if the disease converts into acute leukemia the prognosis is very poor." R. 186. Within a few months, Plaintiff was pregnant and delivered in November 2004. R. 199. She had gotten pregnant two times before following her leukemia diagnosis and while on chemotherapy, and had decided to terminate the pregnancies. R. 143 (December 30, 2002); 144 (June 27, 2001).

Plaintiff's complaints of weakness and fatigue in August 2004 coincided with her pregnancy. R. 200. After her delivery, Plaintiff reported feeling overall better and denied experiencing any significant symptoms. R. 199. As of December 2004, Plaintiff had delivered the baby and was breast feeding; her physician opined that it was "hard to say whether we should wait or start on Gleevec" if she was in remission. R. 199. A pathology report of July 2004 found an "unremarkable smear." A lab report of February 11, 2005 reported her white blood cell count to be within normal limits, although there was no interpretation of the results, a physician's notes from December 2004 indicate her white blood cell count was normal then. R. 199, 201. Plaintiff acknowledged at the February 23, 2005 hearing that she had not resumed medication because her most recent studies were good. R. 226. Although Plaintiff claimed to be unable to sustain substantial gainful employment, forms she

submitted to SSA state she stopped working in June 2002 based on a family decision to stay home with her children. R. 91.

As the ALJ noted but rejected, in a letter dated April 6, 2004, Plaintiff's oncologist – Dr. Vijayvargiya – stated that "[Plaintiff] would like to be placed on disability at this time." R. 19, 185. As the ALJ noted, the oncologist failed to describe any disabling limitations (R. 19), and his records do not support disabling limitations.  The ALJ properly determined that the most recent medical reports had generally been favorable and would not support a finding of disability. R. 19. The ALJ also relied on the opinion of the reviewing physician which opined that Plaintiff could perform light work. R. 19, 151-57.

In this case, the ALJ offered specific reasons for discrediting Plaintiff's subjective pain and fatigue complaints. The ALJ's reasons are supported with citations to the record, and include inconsistencies between Plaintiff's reports and the examination findings, as well as inconsistencies between her statements and her activities of daily living, all factors the ALJ is directed to consider. 20 C.F.R. §§ 404.1529; 416.929. The ALJ's decision is supported by substantial evidence.

### IV.  RFC *AND* P*LAINTIFF'S* L*ITERACY IN* E*NGLISH*

Plaintiff contends that the ALJ erred in finding that Plaintiff could return to her past relevant work as a telephone operator and cashier, where she performed those positions in Puerto Rico and exclusively in Spanish and she cannot speak English fluently. R. 90, 223. She argues that she would not be able to perform those positions as they are generally performed in the national economy because she does not speak English well enough to perform them. Doc. No. 13 at 6-7.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*,

125 F.3d 1436, 1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. § § 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

In this case, at Step Four, the ALJ determined that Plaintiff could return to her past relevant work. The Commissioner contends that the ALJ properly determined that Plaintiff could perform her past relevant work. The ALJ determined that the credible medical and other evidence indicated that Plaintiff retained the ability to stand, walk, and sit for 6 hours out of an eight hour workday and lift up to 20 pounds, and was within the physical demands of Plaintiff's past relevant work as a cashier and telephone operator. R. 20. Thus, because the ALJ found that Plaintiff retained the ability to perform her past relevant work (either as Plaintiff actually performed it or as it is generally performed in the national economy), the ALJ determined that Plaintiff was not disabled without reaching Step five or considering the vocational factors of age, education, and work experience. See 20 C.F.R. § 416.960(a)(b).

The Commissioner points to Social Security Regulations governing consideration of past relevant work consider claimant's work in a foreign economy. Social Security Ruling 82-40, which became effective on May 14, 1982, was issued in order to clarify the policy on considering work in a foreign country as past relevant work:

> Factors including change of residence from one geographical area to another, lack of job openings, and employer's hiring practices are not pertinent to the decision. The proper test in the fourth step of the sequential evaluation process is whether the individual can do his or her previous work, whether in the U.S., or in a foreign economy. A job in a foreign economy need not have a counterpart in the U.S. economy, and the lack of authoritative occupational reference materials for foreign economies is not a barrier to the decision that a claimant can or cannot meet the physical and mental demands of a formerly held foreign job as he or she described it.
>
> The relevance of past work in a foreign economy for purposes of regulations [section 416.920(e)] is no different from the relevance of past work in the U.S. economy with respect to the physical and mental demands of the particular past job. If a claimant can meet the sitting, standing, walking, lifting, manipulative, intellectual, emotional and other physical and mental requirements of a past job, he or she is still functionally capable of performing that job regardless of the fact that the individual no longer resides in the country where the past work was performed. It is only after a claimant proves that he or she is not able to do his or her previous work that the burden shifts to the Secretary to show that there is work available in the U.S. national economy which the claimant can do (the fifth and last step of the sequential evaluation process).

*See* Doc. No. 15-2, SSR 82-40; *Barnhart v. Thomas*, 540 U.S. 20, 26-20 (2003) (reasoning that a claimant, who can perform past relevant work, maybe found not disabled even if the particular job does not exist in significant numbers in the national economy). Thus, a claimant's change of residence from a foreign-speaking economy[2], such as Puerto Rico, to Florida is irrelevant to the

---

[2] The Court need not reach the Commissioner's argument that, because Puerto Rico is part of the United States, jobs that exist within Puerto Rico also exist within the "national economy of the United States." The issue of literacy in English could be relevant at Step Five, even if Plaintiff had worked in the continental United States, if her position had been exclusively performed in Spanish.

determination of whether a claimant retains the ability to perform her prior work. *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456-58 (9th Cir. 1989) (affirming ALJ's determination that claimant was physically capable of performing his past work in an herbal medicine store, noting that Ruling 82-40 made irrelevant the fact that this work was in a foreign country). "Put another way, the SSI program is designed to insure against disability due to "medically determinable physical or mental impairment . . . not by lack of proficiency in English." *Bussi v. Barnhart,* 2003 WL 21283448, *6 (S.D.N.Y. June 3, 2003) (a claimant who is found to be capable of performing her past relevant work in another country is not disabled, regardless of her inability to speak English and the impact that inability might have on her employment prospects in this country).

Because the ability to communicate in English is not considered until Step Five of the sequential evaluation, as part of the vocational factor of education, *see* 20 C.F.R. § 416.964(b)(5), the ALJ was not required to consider Plaintiff's ability to communicate in English in determining whether she was disabled. *See Garcia v. Secretary of Health and Human Services*, 46 F.3d 552, 554-55 (6th Cir. 1995) ("The inability to communicate in English is an element of the vocational factor of education"). Plaintiff had the burden of proving that she is disabled through the first four steps of the evaluation, and in this case, she failed to carry her burden to prove that she did not have the RFC to perform past relevant work. The ALJ's determination that she was capable of performing past relevant work was based on substantial evidence.

### *V. CONCLUSION*

For the reasons set forth in this Order, the decision of the Commissioner is consistent with the requirements of law and is supported by substantial evidence. Accordingly, the Court **AFFIRMS** the

Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record